UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

**DECISION AND ORDER**

-vs-

25-CR-6053-CJS-CDH

NAMON BROWN,

Defendant.

---

This case was referred by text order of the undersigned, entered March 27, 2025, to Magistrate Judge Colleen D. Holland ("Judge Holland") pursuant to 28 U.S.C. § 636(b)(1)(A)–(B), ECF No. 236. On February 5, 2026, Defendant filed an omnibus motion, ECF No. 260, seeking:

1. Dismissal of the Indictment for legal and factual insufficiency in accordance with the Fifth and Sixth Amendment of the United States Constitution.

2. Pre-Trial Release of the Defendant pending trial in accordance with Second Circuit case law and the Due Process Clause.

3. Suppression of evidence, pursuant to Federal Rules of Criminal Procedure Section 12(b)(3) and 12(d), acquired by the Government's search of the defendant, his person or property including

A. Wiretaps of the defendant's phones as an aggrieved person under 18 U.S.C. Section 2518;

B. Search of the defendant's residences and the fruits of said searches;

C. GPS trackers associated with vehicles operated by the defendant;

as well as the granting of a *Franks* hearing.

4. An Order directing disclosure of informant information.

25. An Order directing disclosure of witness statements pursuant to 18 U.S.C. Section 3500.

6. An Order granting Defendant's motion in limine pursuant to Federal Rules of Evidence 403, 404, 607, 608, and 609.

7. An Order granting Defendant all *Brady*, *Agurs*, and *Giglio* material.

8. An Order granting Defendant full discovery and inspection.

9. An Order granting Defendant's request for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f).

10. An Order directing that government agents retain all rough notes related to this case.

11. An Order granting disclosure of personnel files of law enforcement involved in the investigation of the defendant in this matter.

Notice of Motion, ECF No. 60, PP.1-2.

On July 31, 2026, Judge Holland issued a Report and Recommendation ("R & R"), ECF No. 272, recommending that "Brown's motions to dismiss and for suppression," R & R, p. 48, be denied. On that same date, July 31, 2026, Judge Holland issued a Decision and Order ("D & O"), ECF No. 273, deciding, *inter alia*, to deny the disclosure of " [a]ny government agency files or other information revealing matters relevant to the confidential informant's credibility, mental or physical health, or narcotic or alcohol use or other dependency." and "reports of threats made against grand jury witnesses," Attachment #1 to omnibus motion, Defendant's Declaration, ¶ 16, p. 36 and ¶ 17, p. 42. In her D & O, Judge Holland also denied Defendant's request for a bill of particulars.

On September 28, 2026, Defendant timely filed "Defendant Namon Brown's Objections to and Appeal from the Magistrate's Report and Recommendations and

Decision and Order Dated July 31,2026," ("Objections"), ECF No. 279,[1] and on October 5, 2026, the Government filed its "Memorandum in Opposition to Defendant's Objections to the Report and Recommendation and Defendant's Appeal of the Magistrate's Decision and Order," ("Opposition to Objections"), ECF No. 280.

As to the R&R, Defendant contends:

> The lower court erred in its Report and Recommendation denying the Defendant's motions to suppress evidence. Mr. Brown seeks suppression of evidence acquired by law enforcement referencing the following motion exhibits:
>
> A. Search warrant application dated June 21, 2023. Exh. "B".
>
> B. Wiretap Application for #585-683-5291 dated February 10, 2023. Exh. "C".
>
> C. Wiretap Application for #585-604-5479 dated January 2, 2023. Exh. "D".
>
> D. Wiretap Application for #585-813-6827 dated February 21, 2023. Exh. "E".
>
> E. Wiretap Application for #585-943-8437 dated March 23, 2023. Exh. "F".
>
> F. Wiretap Application for #315-400-7219 dated April 11, 2023. Exh. "G".
>
> G. GPS Tracker Application for 2007 Dodge Durango dated January 17, 2023. Exh. "H".
>
> H. GPS Tracker Application for 2014 Dodge Charger dated November 15, 2022. Exh. "I."
>
> I. GPS Tracker Application for 2014 Dodge Charger dated December 6, 2022. Exh. "J."

---

[1]Judge Holland had granted Defendant extensions to file any objections to her R&R and D&O, ECF Nos. 275, 277, and 278.

J. GPS Tracker Application for 2022 Dodge Charger dated January 6, 2023. Exh. "K."

K. GPS Tracker Application for Any Rental Vehicle dated February 9, 2023. Exh. "L."

L. GPS Tracker Application for Any Rental Vehicle dated April 18, 2023. Exh. "M."

M. GPS Tracker Application for Any Rental Vehicle dated December 28, 2022. Exh. "N."

Objections pp. 2-3. Defendant further:

> ...contends that the warrants lacked probable cause for the phones searched, locations, vehicles, and items searched. The warrants were overbroad and constituted general warrants. Law enforcement failed to establish necessity for the wiretaps.

Objections, p.4. He also argues that "[t]he Magistrate erred in failing to find that law enforcement did not have a sufficient basis to conduct a "no knock" warrant upon the defendant's residence." Objections, pp. 7-8. Defendant additionally maintains "that the Magistrate erred in not granting a *Franks* hearing," Objections, p. 8, and "that the Magistrate erred in failing to find a lack of necessity for the wiretaps[, since] the applications are replete with conclusory, boilerplate language." Objections, p. 11.

As to his dismissal motion, Defendant argues as follows:

> Counts Two and Five relative to the maintenance of a drug premises fails to allege that the primary purpose or primary use of the locations is for drug activity. The drug activity must be more than incidental and the mere presence of drugs at the premises is insufficient.
>
> [Consequently,] because Counts 2 and 5 of the Indictment omit[ ] this allegation . . . the counts fail to state an offense [and] violate the Fifth Amendment Grand Jury clause and the Second Amendment right to notice of the essential elements of the offense.
>
> As to the machine gun count (Count 9), the Defendant:

> respectfully contends that the Indictment failed to establish the machine gun characteristic as a distinct element and did not plead the enhanced mandatory minimum triggered by Section 924(c)(1)(B)(ii). This additional offense arising from the same date of Count 8 needs to be sufficiently pled in the Indictment.

Defendant further raises a multiplicity objection to Counts 8 and 9. Objections, p. 14.

Turning to the D&O, Defendant contends that Judge Holland erred

> ...in failing to grant further discovery to the defendant particularly paragraphs 16 and 17 of the motion which sought specific disclosure from the government. It included police reports or FIF relative to the 404(b) issue, any lab or fingerprint reports associated with the defendant, and information relative to joint task force agreements or memorandums of understanding authorizing the investigation and charging of this defendant.

Defendant also maintains that Judge Holland erred in failing to grant his request for a bill of particulars. Objections, p. 15.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the R&R to which objections have been made. In that regard, the Court has considered the R&R, ECF No. 272, Defendant's Notice of Motion and attached declarations, ECF No. 260, the Government's Response, ECF No. 271, Defendant's Objections, ECF No. 279, and the Government's Opposition to Objections, ECF No. 280. Upon such *de novo* review, the Court accepts Judge Holland's proposed findings and recommendations.

Pursuant to 28 U.S.C. § 636(b)(1)(A), this Court must determine whether Judge Holland's D&O, as detailed above, was clearly erroneous or contrary to law. An order is "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Chen v. Bd. Of Immigration Appeals*, 435 F.3d 141, 145–46 (2d Cir. 2006) (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 (1982)). An

order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Collens v. City of New York*, 222 F.R.D. 249, 251 (S.D.N.Y. 2004) (internal quotations omitted).

After considering the D&O, ECF No. 273, as well as the relevant portions of Defendant's Notice of Motion and attached declarations, ECF No. 260, the Government's Response, ECF No. 271, Defendant's Objections, ECF No. 279, and the Government's Opposition to Objections, ECF No. 280, the Court finds that Judge Holland's discovery and bill of particular rulings were neither clearly erroneous nor contrary to law.

Accordingly, the Court, as indicated above, upon *de novo* review, accepts Judge Holland's findings and recommendations detailed in her R&R, ECF No. 272, and denies Defendant' s motions to dismiss the indictment and to suppress evidence, ECF No. 272. Further, as indicated above, the Court finds that Judge Holland's rulings in her D&O, ECF No. 273 were neither clearly erroneous nor contrary to law, and that she correctly denied Defendant's discovery requests at issue and his request for bill of particulars, ECF No. 260.

IT IS SO ORDERED.

Dated: Rochester, New York
October 28, 2026

ENTER:

Charles J Siragusa

CHARLES J. SIRAGUSA
United States District Judge